38 F.3d 1215
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Larry A. BATES, Sr., Petitioner-Appellant Cross-Appellee,
v.
Anthony J. BRIGANO, Warden, Respondent-Appellee Cross-Appellant.
 No. 94-3467.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1994.
 
 Before: MILBURN, BOGGS and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The respondent appeals a district court judgment granting in part a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The respondent has waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The petitioner, Larry A. Bates, Sr., was convicted by a jury on March 28, 1991, of one count of aggravated robbery, with the specification for an offense involving a firearm. He was sentenced to a term of incarceration of eight to twenty-five years on the aggravated robbery count and to an additional three years of incarceration on the firearm specification, to be served consecutively. His convictions and sentences were affirmed by the state courts on appeal.
 
 
 3
 In his petition for habeas relief, Bates alleged: (1) the evidence was insufficient to support the court's imposition of a three year firearm specification sentence; (2) his trial counsel provided ineffective assistance when counsel failed to object to jury instructions "relative to the theft offense," and failed to argue that the indictment was invalid for vagueness; and (3) he was denied effective assistance of appellate counsel by his counsel's failure to object to the indictment and to the jury instructions surrounding the elements of the offense for which he was charged. After considering the merits, the district court determined that there was insufficient evidence of the operability of the hand gun to impose a three year penalty pursuant to Ohio Rev.Code Ann. Sec. 2929.71(A). Thus, the district court granted Bates's petition for a writ of habeas corpus as to the firearm specification enhancement, vacated that enhancement, and ordered the trial court to reduce Bates's sentence accordingly. As to the remaining claims, the district court found them to be without merit. The parties filed cross-motions for reconsideration which the district court denied in a memorandum and order filed March 21, 1994. The respondent timely appeals.
 
 
 4
 The writ of habeas corpus may issue to correct a fundamentally unfair trial or proceeding resulting in the unjust confinement of the petitioner. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993); Williamson v. Parke, 963 F.2d 863, 865 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992). Upon review, we cannot conclude that the evidence of the operability of the hand gun, viewed in the light most favorable to the prosecution, is so lacking that no rational trier of fact could have found the essential elements of the firearm specification beyond a reasonable doubt.
 
 
 5
 Under Ohio law, the fact of operability may be established by circumstantial evidence which may include, for example, "evidence that can be viewed as an acknowledgement by the individual exercising control over the firearm that it was operable, through testimony about how he used the gun, his statements, and his conduct." See Tilley v. McMackin, 989 F.2d 222, 225 (6th Cir.1993); see also Ohio Rev.Code Ann. Sec. 2923.11(B)(2) (Anderson 1993); State v. Murphy, 551 N.E.2d 932 (Ohio 1990); State v. Gaines, 545 N.E.2d 68 (Ohio 1989); State v. Lamp, No. 89-L-14-041, 1991 WL 45670 (Ohio Ct.App. Mar. 29, 1991), dism. and juris. motion overruled, 577 N.E.2d 358 (Ohio 1991). In this case, the victim testified that Bates pointed a firearm at her and demanded money. On the basis of the Ohio law, this was sufficient evidence from which the jury might conclude that the prosecution had proven beyond a reasonable doubt that an operable or readily operable firearm was used in the offense.
 
 
 6
 Accordingly, the district court's judgment is vacated and the case is remanded for further proceedings consistent with this opinion.